UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS T. MOORE, and<br>KRISTINA A. MOORE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO,<br>DEPARTMENT OF CHILD, FAMILY<br>AND ADULT SERVICES, et. al.<br><br>Defendants. | No. 2:19-cv-0844-JAM-KJN PS<br><br>ORDER DENYING IFP REQUEST AND<br>SETTING PAYMENT SCHEDULE |

On May 13, 2019, plaintiffs, proceeding without counsel, commenced this action and requested leave to proceed in forma pauperis. (ECF Nos. 1, 2.)

The filing fee to commence a civil case is presently $400.00. The court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person that is unable to pay such fees or provide security therefor. 28 U.S.C. § 1915(a)(1). Plaintiffs' financial declaration indicates they have a monthly income of $3,819.84. (ECF No. 2.) According to the United States Department of Health and Human Services, the poverty guideline for a household of 2 persons (not in Alaska or Hawaii) is $16,910.00 for 2019. See https://aspe.hhs.gov/poverty-guidelines. Thus, plaintiff's gross household income is over 250% of the 2019 poverty guideline. As such, the court finds that plaintiff does not qualify for a waiver of the $400.00 filing fee.

1

Nevertheless, the court is also cognizant that plaintiffs have relatively little in the way of post-expenses income, and that a one-time $400 payment may represent a significant strain on their monthly budget. Plaintiffs claim regular monthly expenses of $2,708.00; and consumer debts totaling $3,700, on which they pay $110 monthly. (ECF No. 2.) Plaintiffs also state they provide support for two children, at $200 each. (Id.) Thus, after plaintiffs' listed expenses are deducted from their net income, plaintiff has approximately $171.00 remaining in expendable income.

Therefore, the court finds it appropriate to instead require monthly payments of $80.00 until the $400.00 filing fee is paid in full, on the schedule outlined below. Once plaintiffs' first payment is made, the court will direct service of the complaint on Defendants.[1]

///

///

///

---

[1] The Court provides the payment-plan option to Plaintiffs based on its discretion under 28 U.S.C. 1915. However, the Court would be remiss if it failed to note its significant concerns that are apparent on the face of Plaintiffs' complaint. Most prominently, Plaintiffs indicate almost all of the conduct giving rise to their allegations took place in 2014, which is well past the two-year statute of limitations for actions under § 1983. See, e.g., Olague v. Cty. of Sacramento, 2013 WL 2106010, at *6 (E.D. Cal. May 14, 2013) (in a case where parent-plaintiff alleged substantive due process violations for the state's interference with her liberty interest in parenting her child, the court relied upon California's two year statute of limitations in dismissing § 1983 claims) (citing Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1). Further, a number of other legal deficiencies exist in both their civil rights claims and claims under seemingly-inapplicable federal statutes (i.e. 49 U.S.C. § 40115 and 18 U.S.C. § 1519). See Mullins v. Oregon, 57 F.3d 789, 794, 797 (9th Cir. 1995) (holding that grandparents, by virtue of genetic link alone, had no liberty interest under the Due Process Clause in parenting their grandchildren); Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998) (stating that a person does not have standing to vicariously assert the Fourth Amendment rights challenging the seizure of another person); see also Barnes v. County of Placer, 654 F.Supp.2d 1066 (E.D. Cal June 30, 2009) (describing the various immunities provided to state social workers in action brought by grandparents for alleged violations of their Fourth and Fourteenth Amendment rights).

Plaintiffs should consider the state of the law in deciding if they want to pay the filing fee and proceed with their case. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (stating that while pro se pleadings must be construed liberally, the pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED;
2. Plaintiff shall pay the filing fee of $400.00 on an installment schedule, with $80.00 payments to the Clerk of Court due on the following deadlines: July 15, 2019; August 15, 2019; September 16, 2019; October 15, 2019; and November 15, 2019;
3. Once the first installment payment is made, the court will direct service of the complaint on the named defendants; and
4. Failure to timely pay the amounts due may result in dismissal of the action.

Dated: June 7, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

moor.844