UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS T. MOORE, and<br>KRISTINA A. MOORE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO,<br>DEPARTMENT OF CHILD, FAMILY<br>AND ADULT SERVICES, et. al.<br><br>Defendants. | No. 2:19-cv-844-JAM-KJN PS<br><br>ORDER |

On March 5, 2020, defendants filed a motion to dismiss on the grounds that plaintiffs' complaint fails to state any claim for relief.[1] (ECF No. 23.) Defendants noticed its motion for a hearing to take place on April 9, 2020. (Id.) Pursuant to this Court's Local Rules, Plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior to the hearing date: i.e. March 26, 2020. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . ."). The Court's docket reveals that plaintiffs, who are proceeding without counsel, failed to file a written opposition or statement of non-opposition with respect to the motion for judgment on the pleadings.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[2] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

---

[2] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Given plaintiffs' pro se status, the court will not recommend dismissal for failure to prosecute at this time. Instead, the court provides one final opportunity for plaintiffs to either respond to defendants' motion to dismiss, or to file a statement of non-opposition thereto.[3] Plaintiffs' failure to do so will be construed as non-opposition to the motion, and will constitute additional grounds for dismissal under Rule 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The April 9, 2020 hearing on defendants' motion (ECF No. 23) is VACATED;
2. Plaintiff shall file a written opposition to the motion for judgment on the pleadings, or a statement of non-opposition thereto, on or before April 23, 2020. Plaintiff's failure to file a written opposition will be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that Plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
3. Defendants may file a written reply to Plaintiff's opposition, if any, on or before April 30, 2020. The court will take this matter under submission after this date.

Dated: April 1, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

moor.844

---

[3] Given the court is under restricted access due to the current health crisis (See General Order 612), plaintiffs may submit their filing by mail. Should plaintiffs wish to submit their filing in person at the court, plaintiffs are advised to bring a copy of this order with them—as the current general order restricts public access to the facilities.