UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OTIS T. MOORE, and
KRISTINA A. MOORE,

Plaintiffs,

v.

COUNTY OF SACRAMENTO, DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,

Defendant.

No. 2:19-cv-844-JAM-KJN PS

ORDER

(ECF No. 23, 27.)

On May 14, 2020 the magistrate judge filed findings and recommendations (ECF No. 27), which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days. On May 28, 2020 plaintiffs filed objections to the findings and recommendations (ECF No. 28), which have been considered by the court.

This court reviews de novo those portions of the proposed findings of fact to which an objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981); see also Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the matter on the applicable law.

See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the findings and recommendations in full.

Further, in their objections to the findings and recommendations, plaintiffs request the court "take judicial notice of our Amended Complaint and Answer to Defendant's Motion . . . ." (ECF No. 28 at 9.) The court notes that the magistrate judge construed this filing on April 2, 2020 as opposition to defendant's motion to dismiss and motion for judgment on the pleadings. (See ECF No. 25, ECF No. 27 at 4:12-13.) Insomuch as plaintiffs' April 2 filing can be construed as a motion to amend the complaint, the motion is denied. Federal Rule of Civil Procedure 15 requires that after the initial 21-day period, a pleading can only be amended by consent of all parties or by order of the court. Plaintiffs did not obtain defendant's consent, and the court finds that allowing plaintiffs to amend and substitute the document filed April 2 would be futile. This is so because the claims expressed in plaintiffs' original complaint were construed in a way that make them identical to those expressed in the proposed April 2 amended complaint. Thus, any amended claims in the proposed First Amended Complaint would also be time barred, making amendment futile. See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1103 (9th Cir. 2018) ("[L]eave to amend need not be granted when 'any amendment would be an exercise in futility,' such as when the claims are barred by the applicable statute of limitations." (citing Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1060 (9th Cir. 2008) and Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998)).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 27) are ADOPTED IN FULL;
2. Defendant's motion for judgment on the pleadings (ECF No. 23) be GRANTED;
3. Plaintiffs' Complaint (ECF No. 1) be DISMISSED WITH PREJUDICE; and
4. The Clerk of the Court be directed to CLOSE this case.

DATED: June 29, 2020

/s/ John A. Mendez

UNITED STATES DISTRICT COURT JUDGE